IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROY GLOVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18-cv-571-WKW-GMB |
| | ) | [WO] |
| ALABAMA DEPARTMENT OF | ) | |
| TRANSPORTATION, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* complaint of Plaintiff Roy Glover. Doc. 1.  The case has been referred to the undersigned United States Magistrate Judge for consideration and disposition or recommendation pursuant to 28 U.S.C. § 636. Doc. 4.  Because Glover is proceeding *in forma pauperis* (Doc. 7), the court must review his complaint pursuant to the provisions of 28 U.S.C. § 1915(e)(2).  This statute instructs the court to dismiss any action in which it is determined that an *in forma pauperis* applicant's lawsuit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)−(iii).  After a careful review of the complaint and the applicable law, and giving due consideration to Glover's *pro se* status, the undersigned recommends that this case be dismissed.

### I. FACTS AND PROCEDURAL HISTORY

Glover, appearing *pro se*, filed a complaint against the Alabama Department of Transportation and the State of Alabama Personnel Department.  Finding the complaint to

be a shotgun pleading, this court ordered Glover to file an amended complaint on or before

March 5, 2019 that complied with Rules 8 and 10 of the Federal Rules of Civil Procedure

and contained clear allegations of facts showing that Glover is entitled to relief under

federal law. Doc. 8. The court cautioned Glover that his failure to submit an amended

complaint may result in recommendation for the dismissal of this case. Doc. 7 at 3. Glover

has not filed an amended complaint as of the date of this recommendation.

## II. STANDARDS OF REVIEW

The same standards governing dismissal under Federal Rule of Civil Procedure

12(b)(6) also govern the review of a complaint under § 1915(e)(2)(B)(ii) for failure to state

a claim upon which relief can be granted. *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th

Cir. 2008). In evaluating the sufficiency of a complaint, the court must consider reasonable

inferences in the plaintiff's favor but is "not required to draw plaintiff's inference." *Aldana*

*v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly,

"unwarranted deductions of fact" are not admitted as true for the purpose of testing the

sufficiency of a plaintiff's allegations. *Id.*

Rule 41(b) of the Federal Rules of Civil Procedure provides for dismissal if a

plaintiff fails to comply with a court order. Pursuant to that rule, a court may dismiss an

action *sua sponte*. *Brown v. Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir.

2006).

## III. DISCUSSION

Although he was ordered to do so, Glover has not filed an amended complaint within

the time allotted to him. The court cautioned Glover that his failure to submit an amended

complaint in compliance with the court's Order may result in a recommendation that the

case be dismissed. Doc. 8 at 3. As noted above, Rule 41 of the Federal Rules of Civil Procedure provides that if a plaintiff fails to comply with a court order the court can dismiss the action on its own motion. *See Brown*, 205 F. App'x at 802. The district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983) (citation omitted). Dismissal with prejudice pursuant to Rule 41 is appropriate only "where there is a clear record of willful contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton v. Great Am. Comms.*, 178 F.3d 1373, 1374 (11th Cir. 2006) (internal quotation marks omitted). In this case, while dismissal with prejudice is a serious sanction, given Glover's failure to comply with the Order to file an amended complaint which complies with Rules 8 and 10 of the Federal Rules of Civil Procedure, the court concludes that Glover's failure to comply was willful, particularly since he was forewarned that his claims could be dismissed if he did not comply with the Order. The court also finds that lesser sanctions would not suffice because this litigation cannot advance without a pleading that states a claim for relief. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal under Rule 41(b) "upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

Alternatively, pursuant to § 1915(e)(2)(B)(ii) the court has considered the allegations of the complaint under Rule 12. While Glover refers in his complaint to *Reynolds v. Alabama Department of Transportation*, 85-T-665-N, and attaches documents regarding the procedures for filing a complaint, there is little factual content regarding the claim he seeks to bring. The court concludes, therefore, that pursuant to Rule 12(b)(6), Glover has failed to state a claim for relief after having been given an opportunity to replead

his claims.  His claims are due to be dismissed on this alternative basis.

The court is of course mindful of Glover's *pro se* status.  While *pro se* pleadings are held to a lesser standard than those prepared by attorneys and "are thus construed liberally," *see Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), *pro se* litigants still must comply with the Federal Rules of Civil Procedure. *Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009) (finding no abuse of discretion in dismissal where "despite guidance from the district court on how to cure the deficiencies in his complaint and a clear warning that noncompliance would be cause for dismissal, [the plaintiff] did not comply with the district court's order to file an amended complaint in conformity with the requirements of Rules 8 and 10").

## IV.  CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED without service of process.

It is further ORDERED that the Plaintiff is DIRECTED to file any objections to this Recommendation **on or before April 2, 2019.**  Any objections filed must identify the specific findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the district court.  This Recommendation is not a final order of the court, and, therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's factual findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the report and recommendation, and also waives the right of the party to challenge on

appeal the District Court's order based on findings and conclusions that the parties have not objected to, in the absence of plain error or manifest injustice. *See Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Hamilton v. Sheridan Healthcorp, Inc.*, 700 F. App'x 883, 887 (11th Cir. 2017).

DONE this 19th day of March, 2019.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE